ORIGINAL

JOHN S. EDMUNDS              734-0
RONALD J. VERGA             2638-0
JOY S. OMONAKA              5709-0
841 Bishop Street, Suite 2104
Honolulu, Hawaii 96813
Telephone:  (808) 524-2000
Email:   jedumds@ev-law.com
         rverga@ev-law.com
         jomonaka@ev-law.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 10 2010

at __ o'clock and __ 25 min. __ M.
SUE BEITIA, CLERK

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, | ) CIVIL NO. CV10 00655 SOM KSC |
| | ) |
| Plaintiff, | ) COMPLAINT FOR |
| | ) DECLARATORY RELIEF; |
| vs. | ) EXHIBIT A; |
| | ) |
| CENTEX HOMES; PULTEGROUP, INC.; PULTE HOMES, INC.; DOES 1-50, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Lexington Insurance Company ("Lexington") complains of

the above-named Defendants as follows:

## THE PARTIES

1.      Plaintiff Lexington Insurance Company ("Lexington"), is a Delaware Corporation that maintains its principal place of business in Boston, Massachusetts.

2.      Upon information and belief, Defendant Centex Homes ("Centex") is a Nevada General Partnership with a principal place of business in Dallas, Texas.

3.      Upon information and belief, Centex has two partners: Nomas Corp. and Centex Real Estate Corporation.

4.      Upon information and belief, Nomas Corporation is a Nevada Corporation with a principal place of business in Bloomfield Hills, Michigan.

5.      Upon information and belief, Centex Real Estate Corporation is a Nevada Corporation with a principal place of business in Bloomfield Hills, Michigan.

6.      Upon information and belief, Defendant PulteGroup, Inc. ("PulteGroup") is a Michigan Corporation with a principal place of business in Bloomfield Hills, Michigan and is the parent company of Defendant Centex and/or Defendant Pulte Homes, Inc.

7.      Upon information and belief, Defendant Pulte Homes, Inc. ("Pulte Homes") is a Michigan Corporation with a principal place of business in Bloomfield Hills, Michigan.

8.      Lexington is currently unaware of the names and capacities of Does 1 through 50 and therefore sues them by such fictitious names. Lexington is

informed and believes and thereon alleges that each Defendant designated herein as a Doe is legally responsible in some manner for the events and happenings hereinafter described and caused or contributed to the damages hereinafter alleged. Lexington will seek leave of Court to amend this Complaint to show the true names and capacities of Defendants designated as Does when the same has been ascertained.

## JURISDICTION

9.     This is an action for declaratory judgment pursuant to 28 U.S.C. 2201 for the purpose of determining an actual controversy between the parties.  Jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. 1332, based upon the facts more specifically alleged above.  The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

## VENUE

10.    Venue is proper in this Court pursuant to 28 U.S.C 1391.

## THE POLICY

11.    Lexington issued to Centex a Claims Made Liability Policy, bearing policy number 1323404, with a policy term of May 12, 2003 to May 20, 2007 ("the Lexington Policy").  A copy of the Lexington Policy is attached hereto as Exhibit A and is incorporated by reference.

## THE UNDERLYING CLAIMS

12.    This claim arises from complaints by homeowners at the Kolea at Waikoloa Beach Resort Condominiums located at 69-289 Waikoloa Beach

Drive, Waikoloa, Hawaii ("the Subject Property") of leaking shower pans within the homeowners' units.  The homeowners allege that the leaking shower pans have caused damage to walls and lower ceilings ("underlying claim").

13.    On information and belief, Lexington alleges that Centex is the developer of the Subject Property.  On information and belief, Pulte Homes and/or PulteGroup is the successor-in-interest to Centex.

14.    The first leak was reported to Centex by a homeowner in early March 2010.  Upon investigation, it appears that the showers in the Subject Property were defectively constructed.  The cost to repair the allegedly defective showers is estimated at $930,000.

15.    Defendants tendered the owners' claims to Lexington.  Lexington declined coverage on or about September 16, 2010.

## FIRST CLAIM FOR RELIEF

### (Declaratory Judgment)

16.    Lexington realleges and incorporates by reference each of the allegations made in paragraphs 1 to 15, inclusive.

17.    The Lexington Policy provides coverage for damages for which the insured is legally obligated to pay because of "Property Damage" caused by an "Occurrence" during the policy.  The underlying claims by the unit owners do not allege "Property Damage" caused by an "Occurrence" as those terms are defined in the Lexington Policy and under applicable Hawaii law.

18.    The Lexington Policy is a claims made policy.  Coverage "requires that a claim be first made against an insured during the policy period or an extended reporting period if applicable."  The insurance applies to "property damage" only if "[a] claim for damages because of… 'property damage' is first made against any insured…during the policy period or any Extended Reporting Period…"  The claim of leaking showers was first reported in early March, 2010, well after the effective dates of the Lexington Policy (May 12, 2003 to May 20, 2007).

19.    Coverage under the Lexington Policy is also excluded for: property damage expected or intended from the standpoint of the insured; liability assumed in a contact or agreement; damage to Defendants' product, work and impaired property; damages rising out of the failure to render professional services by an engineer, architect, or surveyor employed by an insured or acting on an insured's behalf.

20.    The Lexington Policy requires the exhaustion of the applicable $150,000 per-Occurrence self-insured retention prior to any duty to defend or indemnify under the Policy is triggered.

21.    Lexington has reserved all of its rights under the Lexington Policy.

22.     Defendants dispute Lexington's contentions about coverage. Therefore, an actual controversy exists between the parties as to their respective rights and obligations under the Lexington Policy.

WHEREFORE, Plaintiff prays judgment as follows:

1.     That the Court adjudicate and declare that the owners' underlying claim does not constitute "Property Damage" caused by an "Occurrence" under the terms of the Lexington Policy and Hawaii law.

2.     That the Court adjudicate and declare that the owners' underlying claim was not first made within the Lexington Policy period.

3.     That the Court adjudicate and declare that Lexington does not have an obligation to indemnify any Defendant for the underlying claim made by the owners of the Subject Property.

4.     That the Court adjudicate and declare that Lexington does not have an obligation to defend any Defendant in any litigation that may ensue as a result of the owners' underlying claim.

5.     That the Court adjudicate and declare that Lexington does not have an obligation under the Policy to pay Defendants for the

costs of and associated with making repairs as a result of the

owners' underlying claim.

6.    For such other and further relief as the Court deems proper.

DATED:  Honolulu, Hawaii, November 10, 2010.


JOHN S. EDMUNDS
RONALD J. VERGA
JOY S. OMONAKA

Attorneys for Plaintiff

7